IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSHUA MOSES | : | CIVIL ACTION |
| | : | |
| v. | : | No. 15-5521 |
| | : | |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA, et al. | : | |

# ORDER

AND NOW, this 11th day of October, 2017, upon careful and independent consideration of Petitioner Joshua Moses's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, and upon de novo review of the Report and Recommendation of United States Chief Magistrate Judge Linda K. Caracappa and Moses's objections thereto, it is ORDERED:

1. Moses's objections (Document 19) are OVERRULED[1];

---

[1] Moses seeks relief from his 2009 state court conviction for robbery by threat of immediate serious bodily injury, aggravated assault, and other offenses arising out of an incident in which he took $94.00 from Adrian Vasquez and then, after Vasquez chased him into a fenced-in lot, shot Vasquez in the thigh. In his habeas petition, Moses raises four claims alleging (1) the trial court abused its discretion in sentencing him by failing to consider that Vasquez was attacking him at the time of the shooting; (2) his trial counsel was ineffective for failing to prepare for trial or present a self-defense argument; (3) the prosecution violated his due process rights under *Brady v. Maryland*, 373 U.S. 83 (1963) by failing to call a witness who would have been helpful to the defense; and (4) the trial court abused its discretion by taking a telephone call during closing arguments and by imposing a sentence above the recommended sentencing guidelines range.

In March 2017, the Magistrate Judge issued a Report and Recommendation (R&R) thoroughly addressing each of Moses's claims and recommending that Moses's habeas petition be denied in its entirety. The Magistrate Judge concluded that Moses's first, third, and fourth claims were procedurally defaulted, and found his second claim failed on the merits.

The Court agrees with the Magistrate Judge that Moses's first, third, and fourth claims are procedurally defaulted because (1) he failed to raise his claim regarding the sentencing court's failure to consider that he was under attack at the time he shot Vasquez on direct appeal or in his PCRA petition; (2) the Pennsylvania Superior Court reviewing Moses's appeal from the denial of his PCRA petition found Moses's *Brady* claim and claim regarding the trial judge taking a phone call were waived because Moses had failed to raise those claims on direct appeal; and (3) on direct appeal, the Superior Court dismissed Moses's challenge to his above-guidelines

2. The Report and Recommendation (Document 17) is APPROVED and ADOPTED;

3. Moses's Petition for Writ of Habeas Corpus (Document 1) is DENIED;

---

sentence as waived for failure to challenge the discretionary aspects of his sentence in a post-sentence motion.

In his objections, Moses objects to the Magistrate Judge's procedural default analysis by reasserting the arguments set forth in his habeas petition. Moses also argues the Magistrate Judge failed to consider a September 12, 2011, letter he received from the Defender Association of Philadelphia, which, in Moses's view, demonstrates cause for his defaulted claims. In the letter, Karl Baker, Esq., Chief of the Appeals Division, informed Moses that the Pennsylvania Superior Court had denied his direct appeal. Mr. Baker further advised Moses that he and Robin Forrest, Esq., Moses's appellate attorney, saw "no realistic possibility of securing further review or relief" because (1) although trial counsel had filed a motion for reconsideration arguing Moses's sentence should be reduced based on the fact that Moses had been under attack by the victim at the time he fired the gun, self-defense was not a viable defense because Moses had initiated the assault by robbing the victim at gunpoint; and (2) the remaining appellate issue was that the total sentence was excessive, but this argument was weak because it had not been presented to the sentencing court and the sentence was discretionary in any event. "For these reasons," Mr. Baker concluded, "it is not our intention to petition the Supreme Court to hear your case because there is no realistic likelihood of obtaining review or relief in that court." Objs. Ex. A. Moses argues Mr. Baker's letter provides a basis to excuse the default of his claims under *Martinez v. Ryan*, 566 U.S. 1 (2012) because the letter makes clear that his appellate counsel was aware of the potential issues that could have been raised on appeal, and counsel's bad advice caused the default of his claims. In *Martinez*, the Supreme Court held the failure of collateral review counsel to raise an ineffective assistance of trial counsel claim in an initial review collateral proceeding can constitute cause for a procedural default of the ineffective assistance of trial counsel claim if (1) collateral review counsel's failure to raise the claim constituted ineffective assistance of counsel, and (2) the underlying ineffective assistance of trial counsel claim "is a substantial one," meaning "the claim has some merit." 566 U.S. at 14. As the Magistrate Judge found, *Martinez* applies only to initial collateral review counsel's default of a claim of ineffective assistance of trial counsel. *Martinez* is therefore inapplicable to Moses's trial court error and *Brady* claims. *Cf. Harris v. Folino*, No. 14-0893, 2016 WL 5334683, at *5 (E.D. Pa. Mar. 31, 2016) ("*Martinez* is inapplicable to this claim because Petitioner asks this Court to review a claim of PCRA court error. Petitioner alleges that PCRA counsel was ineffective for failing to raise the trial court's error and not trial counsel's error.").

Insofar as Moses objects to the Magistrate Judge's analysis of his ineffective assistance of counsel claim, he merely reasserts the same arguments set forth in his habeas petition. Upon de novo review, this Court agrees with the Magistrate Judge's analysis and proposed disposition of this claim. Moses's objections are therefore overruled for the reasons stated in the R&R.

4. Moses having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue; and

5. The Clerk of Court is DIRECTED to mark this case CLOSED.

BY THE COURT:


 /s/ Juan R. Sánchez 
Juan R. Sánchez, J.